Affirmed and Majority and Concurring and Opinions filed May 19, 2005









Affirmed and Majority and Concurring and Opinions
filed May 19, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00140-CR

____________

 

DONALD WADE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 954,071

 



 

C O N C U R R I N G   O P I N I O N

In his first issue, appellant complains
that the officers did not have proper consent from Sauseda to search his motel
room, under either an actual or apparent authority theory.  The majority does not address this point,
concluding it has not been preserved for appeal.  I believe this argument was adequately
preserved and is thus properly before this court.  However, because I conclude that the search
was valid based on Sauseda’s apparent authority to consent to the search of
appellant’s motel room, I concur.








The Court of Criminal Appeals has long
held that though a party generally must make a specific objection to preserve
error for appeal, “where the grounds of the objection are obvious to the court
or the opposing counsel, the error will not be waived.”  Eisenhauer v. State, 754 S.W.2d 159,
161 (Tex. Crim. App. 1988).  Appellant’s
written motion to suppress, although very general and brief, did specifically
raise the issue of his consent, and the issue of Sauseda’s actual or apparent
authority to consent was fully litigated at the suppression hearing.  Six of the seven witnesses at the hearing
gave testimony bearing directly on Sauseda’s actual or apparent authority to
consent to search appellant’s motel room. 
Though the parties did not make any arguments at the suppression
hearing, the testimony developed at the hearing clearly shows that both sides
considered the issue of Sauseda’s consent to be a central part of appellant’s
motion to suppress.  Because the issue of
Sauseda’s consent was actually litigated at the suppression hearing, I conclude
that appellant has adequately preserved this issue for review.  See Gallups v. State, 151 S.W.3d 196,
197–98 & n.1 (Tex. Crim. App. 2004) (finding that the issue of consent was
not waived because, though not included in defendant’s written motion to
suppress, consent “was the main issue litigated at the suppression hearing,”
noting that “we may . . . look to the issue actually litigated at a suppression
hearing to determine what issues and claims were preserved”).

We review a trial court’s ruling on a
motion to suppress for an abuse of discretion and afford almost total deference
to a trial court’s findings of historical fact, as long as they are supported
by the record.  Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 
A warrantless search of a residence does not violate the Fourth
Amendment if law enforcement officers first obtain the consent of a third party
who possesses common authority over the premises to be searched.  United States v. Matlock, 415 U.S.
164, 171 (1974).  If consent was not
obtained from someone with actual authority to consent to a search, a search
may nevertheless be proper if the person giving consent had apparent
authority.  Illinois v. Rodriguez,
497 U.S. 177, 188–89 (1990). 













I believe the record is sufficient to
support a finding that Sauseda had apparent authority to consent to the search
of appellant’s motel room.  One of the
officers testified that after Sauseda answered the door and said appellant was
not there, he asked if Sauseda was staying in the room.  When she said yes, the officer asked if he
could search the room, and Sauseda again said yes.  The officers did not know until later that
the room was registered only to appellant, and though Sauseda denied giving
consent, the trial court was entitled to believe the officer’s testimony.  Officers are not allowed to proceed without
inquiry when consent is given in ambiguous circumstances.  See Whisenhunt v. State, 122 S.W.3d
295, 299 (Tex. App.—Houston [1st Dist.] 2003, pet ref’d); Riordan v. State,
905 S.W.2d 765, 771 (Tex. App.—Austin 1995, no pet.).  However, based on the officer’s testimony,
the circumstances were not ambiguous at the time consent was given.  Sauseda said she was staying in the room and
gave her permission to search.  That is
sufficient evidence to support a finding of apparent authority in these
circumstances.  See Davis v. State,
93 S.W.3d 664, 668 (Tex. App.—Texarkana 2002, pet. ref’d) (affirming denial of
motion to suppress based on apparent authority from consent of woman who told
officers she lived in defendant’s house); Wilson v. State, No.
04-02-00805-CR, 2004 WL 624541, at *3 (Tex. App.—San Antonio Mar. 31, 2004, no
pet.) (not designated for publication) (affirming denial of motion to suppress
evidence seized from defendant’s vehicle after third party, who was in
possession of vehicle, said he was the owner and gave permission to search); Guzman
v. State, No. 14-98-01449-CR, 2001 WL 699545, at *3 (Tex. App.—Houston
[14th Dist.] June 21, 2001, pet. ref’d) (not designated for publication)
(“[E]ven if the vehicle did belong to someone else, Rita [Guzman]’s claim of ownership,
together with the fact that the Guzman family was in possession of the vehicle
when the officers stopped them, gave the officers reason to believe she had
authority to consent to the search.”); Brown v. State, No.
14-95-01237-CR, 1998 WL 418758, at *5 (Tex. App.—Houston [14th Dist.] July 23,
1998, no pet.) (not designated for publication) (“We believe it is reasonable
for the officers to assume that when they arrive at a residence, awaken an
occupant, and obtain his consent to search the house, he is acting with
apparent authority to consent.”).

Because I believe appellant has adequately
preserved his complaint regarding Sauseda’s consent but find that complaint to
be without merit, I concur.

 

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Majority and Concurring Opinions filed May 19, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson (Anderson, J. majority).